FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 NOV -4 PM 12: 07

CLERK, US DIST...
MIDDLE DISTRICT OF FLO...
JACKSONVILLE DIST...

SCOTT HARRISON,

    Plaintiff,

vs.

Case No.:

3:16 CV 1392-J-25 PDB

EXPERIS US, INC. and
INTERNATIONAL BUSINESS
MACHINES CORP.,

    Defendants.

_____

## COMPLAINT

Plaintiff, Scott Harrison, brings this action on behalf of himself and a class of other similarly situated employees to require Defendants, Experis US, Inc. ("EXPERIS") and International Business Machines Corp. ("IBM") to pay back wages owed to Plaintiff and to the Plaintiff Class, pursuant to §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, ("the FLSA"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Scott Harrison, was and is a resident of Jacksonville, Duval County, Florida, at all times material to the instant action. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime compensation for time worked. Plaintiff was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

2.    Defendant EXPERIS is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin, and conducts its for-profit business in Jacksonville, Duval

County, Florida.

3. Defendant IBM is a New York Corporation with a principal place of business in Armonk, New York, and conducts its for-profit business in Jacksonville, Duval County, Florida.

4. Defendants, EXPERIS and IBM, were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed the Plaintiff.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §201, *et seq.*, and 28 U.S.C. §1331.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because Defendants hired Plaintiff to perform work in this District, because Defendants transact business in this District, and because the unpaid wages owed to Plaintiff were to be paid in this District. Accordingly, most if not all of the actions complained of occurred within this District.

## BACKGROUND FACTS

7. EXPERIS and IBM engaged in interstate commerce in the course of providing consulting services in the information technology field, and other specialties, as needed by their clients and prospective clients throughout the country and internationally, while each of their annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

8. Plaintiff's work for Defendants regularly affected interstate commerce because the services provided by Plaintiff were for the benefit of, and enjoyed by, Defendants' clients located throughout the nation and internationally.

9. Plaintiff worked for Defendants from approximately March 2015 through December of 2015.

10. Plaintiff was often required to perform time-sensitive projects and other tasks that required him to work in excess of 40 hours per week in order to meet imposed deadlines.

11. Defendants ultimately failed and refused to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the overtime hours that he worked.

12. The additional persons who may become Plaintiffs in this action are other similarly-situated employees of Defendants who are and who were subject to the payroll practices and procedures of Defendants and who were not paid overtime wages. These additional persons are readily identifiable from records maintained by Defendants and they necessarily will present issues that are nearly the same, if not completely identical to those presented by Plaintiff.

13. Plaintiff attempted to resolve this matter prior to initiation of this lawsuit through a demand letter, but Plaintiff's efforts in this regard failed.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT AGAINST EXPERIS AND IBM

15. Plaintiff reincorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. Defendants willfully and intentionally failed and refused to pay Plaintiff wages at a rate of time and one-half for each of the overtime hours he worked during the relevant time period.

17. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all of the overtime hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to

believe that he would be compensated for his overtime work, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff and the putative class members of the overtime pay despite being on notice of the requirement to pay overtime wages.

18.   Plaintiff and the other similarly situated current and former employees of Defendants are entitled to a back pay award of unpaid overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE, Plaintiff Scott Harrison, on behalf of himself and all others similarly situated, demands the entry of a judgment in his favor and against Defendants EXPERIS and IBM, jointly and severally, after a trial by jury, and further demand:

(a)   That this Court certify the instant suit as an opt-in class action under 29 U.S.C. §216(b) for all similarly situated employees who elect to join these proceedings;

(b)   Prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b);

(c)   Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. §216(b);

(d)   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)   Judgment against the Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in members of the Class, at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in members of the class at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendants stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of pre-judgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT II - UNPAID WAGES UNDER FLORIDA STAUTES, CHAPTER 448 AGAINST EXPERIS AND IBM

19. Plaintiff reincorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

20. This is an action brought pursuant to and arising under Chapter 448, Florida Statutes and Florida common law.

21. Defendants willfully and intentionally failed and refused to pay Plaintiff wages at a rate of time and one-half for each of the overtime hours he worked during the relevant time period. This constitutes unpaid wages, recoverable under Chapter 448, Florida Statutes and Florida common law.

22. Pursuant to Chapter 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff Scott Harrison, demands the entry of a judgment in his favor

and against Defendants EXPERIS and IBM, after a trial by jury, for damages and prejudgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

### COUNT III - BREACH OF CONTRACT AGAINST EXPERIS

23.     Plaintiff reincorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

24.     On or about March 17, 2015, Plaintiff and Defendant EXPERIS entered into an Employment Agreement whereby Plaintiff agreed to provide consulting services to EXPERIS or its clients. A true and correct copy of the Employment Agreement is attached hereto and incorporated by reference herein as Exhibit "A."

25.     Under the clear terms of the Employment Agreement, EXPERIS agreed to pay Plaintiff at the rate of $85.00 per hour, and would pay Plaintiff overtime in accordance with applicable state and federal laws.

26.     Plaintiff was often required to perform time-sensitive projects and other tasks that required him to work in excess of 40 hours per week in order to meet imposed deadlines.

27.     EXPERIS ultimately failed and refused to compensate Plaintiff for hours worked in excess of 40 hours per week, though Plaintiff should have been compensated at a rate of one and one-half times his regular rate of pay for all of the overtime hours that he worked pursuant to the Employment Agreement and applicable state and federal law.

28.     EXPERIS has breached the Employment Agreement by failing to compensate Plaintiff for overtime worked by him, and Plaintiff has been damaged as a result.

29.     All conditions precedent to the institution and maintenance of this action have been performed or waived.

30. Pursuant to Chapter 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff Scott Harrison, demands the entry of a judgment in his favor and against Defendant EXPERIS, after a trial by jury, for damages and prejudgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

Dated: November 4, 2016

LILES GAVIN, P.A.

JOHN A. CARLISLE
Florida Bar No. 0626716
Email: jcarlisle@lilesgavin.com
301 W. Bay Street, Suite 1030
Jacksonville, Florida 32202
Telephone: (904) 634-1100
Fax: (904) 634-1234

Attorney for Plaintiff